# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE R. GRIMM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-93 |
| | ) | |
| v. | ) | Judge Cercone |
| | ) | Magistrate Judge Bissoon |
| TARGET, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Dismiss or for Summary Judgment (Doc. 5) be denied.

### II. REPORT

Plaintiff has brought this lawsuit against her former employer ("Defendant"), alleging disability discrimination. *See* Compl. (Doc. 1) at ¶ 1 (citing ADA). Defendant argues that Plaintiff has failed to timely exhaust administrative remedies, having filed her verified EEOC charge 286 days after the expiration of her 300-day limitations period. *Compare* Compl. at ¶ 33 (Plaintiff's employment was terminated on April 7, 2009) *with* Def.'s Br. (Doc. 6) at 5 n.2 (Plaintiff's EEOC charge was filed November 14, 2007).

In response, Plaintiff has submitted an affidavit swearing that:

- On April 10, 2006, only days after her termination, she contacted the EEOC by telephone to complain of employment discrimination, *see* Pl.'s Affid. (filed under Doc. 11-2) at ¶ 2;

- On or around June 29, 2006, the EEOC transmitted to Plaintiff a letter enclosing an intake questionnaire for her completion, *see id.* at ¶ 3; *see also* copy of EEOC's Ltr. dated Jun. 29, 2006 (filed under Doc. 11-3);

- Plaintiff executed and returned the intake questionnaire to the EEOC "within a week," Pl.'s Affid. at ¶ 4;

- On approximately September 15, 2006, the EEOC transmitted another letter to Plaintiff, enclosing a second intake questionnaire, *see id.* at ¶ 5; *see also* copy of EEOC's Ltr. dated Sept. 15, 2006 (filed under Doc. 11-3);

- Plaintiff executed and returned the second intake questionnaire to the EEOC "within a week," Pl.'s Affid. at ¶ 6;

- "After waiting several months for the EEOC to contact [her]," Plaintiff telephoned the EEOC to request an update on her case, and, in the summer of 2007, she complained to an EEOC investigator regarding the delay, *see id.* at ¶¶ 7-8;

- Plaintiff met with EEOC investigator Gregory L. Nanney on September 14, 2007, and Mr. Nanney advised her she was beyond her 300-day limitations period, *id.* at ¶¶ 9, 10;

- Plaintiff told Mr. Nanney of her prior EEOC inquiries and activity, and provided documentary evidence confirming the same, *see id.* at ¶ 11-12;

- Upon being presented with such evidence, Mr. Nanney "admitted that the EEOC had no [prior] record" of Plaintiff, nor the documents she presented, nor the two intake questionnaires she claims to have previously submitted, *see id.* at ¶¶ 13-14;

- Mr. Nanney "admitted [that] the delay was not [Plaintiff's] fault," and he advised Plaintiff that she could proceed with a timely charge, *id.* at ¶ 15; and

- On November 6, 2007, Mr. Nanney transmitted to Plaintiff a charge prepared for her by the EEOC, which she promptly executed and returned, *see id.* at ¶ 16; *see also* Def.'s Appx. to Mot. (Doc. 7) at Bates No. EEOC0007 (copy of Plaintiff's verified charge, dated Nov. 14, 2007).

Nothing in the EEOC's case file, which was produced in response to Defendant's FOIA request, demonstrates the falsity Plaintiff's sworn statements. *See id.* (filed under Def.'s Appx. to Mot.). Rather, the administrative record shows no activity for Plaintiff before July 12, and July 17, 2007, the dates she signed ADA and general intake questionnaires, respectively. *See id.* at Bates Nos. 00018-00025, 00026-00032.

As referenced above, Plaintiff asserts that she first contacted the EEOC in April 2006, well before the expiration of her 300-day limitations period. Plaintiff has presented documentary evidence, in the form of EEOC correspondence dated June 29, 2006 and September 15, 2006, confirming her contact(s). *See* EEOC's Ltrs. filed under Doc. 11-3. Conspicuously absent from the administrative record are copies of the EEOC's original correspondence dated June 29 and September 15, 2006, although the agency's file does contain a copy of the June 29th letter, sent by Plaintiff to the EEOC via facsimile on March 9, 2008. *See* Def.'s Appx. at Bates Nos. 0005-0006; *see also id.* at 0005 (Plaintiff's handwritten comment: "This is the letter that shows I contacted [the] EEOC [in] 2006.").

As Defendant would be quick to note, there appear discrepancies between Plaintiff's affidavit and the EEOC's case file. *Compare, e.g.*, Pl.'s Affid. at ¶¶ 9-15 (on September 14, 2007, Plaintiff presented documents to Mr. Nanney demonstrating she first contacted EEOC in 2006, and he accepted this explanation) *with* Def.'s Appx. at Bates Nos. 0005-0006 (fax dated March 9, 2008, transmitting to Mr. Nanney a copy of EEOC letter dated June 29, 2006 as proof of Plaintiff's prior contact); *compare also* Pl.'s Affid. at ¶¶ 3-6 (claiming Plaintiff submitted two EEOC intake questionnaires in 2006) *with* Def.'s Appx. at Bates Nos. 00018-00025, 00026-00032 (copies of two intake questionnaires signed in 2007). These apparent discrepancies,

however, at best raise questions of material fact regarding whether Plaintiff's sworn statements are truthful and/or accurate.

Simply put, the EEOC correspondence transmitted to Plaintiff in June and September 2006, preclude Defendant from demonstrating, at least at this stage in the proceedings, that Plaintiff did <u>not</u> make reasonable efforts to invoke the necessary administrative mechanisms before the expiration of her 300-day limitations period.[1] To the extent that the EEOC's purported mishandling of Plaintiff's claim, or loss of her documents, resulted in an untimely charge, Plaintiff's delay may be excused under the law. <u>Ricciardi v. Consolidated Rail Corp.</u>, 1999 WL 77253, *3-5 (E.D. Pa. Feb. 8, 1999) (where plaintiff presented sworn affidavit stating that EEOC lost his timely-filed charge, equitable tolling was appropriate "because [a p]laintiff should not be punished for the EEOC's failure to maintain [its] records") (citation omitted); <u>McGarrah v. Kmart Corp.</u>, 1999 WL 455716, *3 (N.D. Tex. Jul. 2, 1999) (citing and applying <u>Ricciardi</u> where plaintiff, who enjoyed representation of counsel, claimed EEOC lost intake questionnaire filed before expiration of 300-day period) (other citations omitted). This conclusion is bolstered by Plaintiff's *pro se* status, which continued well after the expiration of her limitations period.[2] <u>Ricciardi</u>, 1999 WL 77253 at *4 ("equitable tolling is particularly appropriate in cases involving lay persons unfamiliar with the complexities of the administrative [process]") (citations and internal quotations omitted); *accord* <u>Merit v. Southeastern Pa. Transit Auth.</u>, 276 F. Supp.2d 382, 385-86 (E.D. Pa. Aug. 6, 2003) (applying equitable tolling, in reliance on <u>Ricciardi</u> and other cases, based on plaintiff's *pro se* status).

---

[1] Defendant has not disputed the authenticity of the 2006 EEOC letters. Even if it did, this likewise would present material questions of fact.

[2] Plaintiff asserts, and the EEOC file appears to confirm, that she first received assistance of counsel in October 2007. *See* Pl.'s Affid. at ¶ 17; Def.'s Appx. at Bates Nos. 0009-00011 (Plaintiff counsel's letter to EEOC dated Oct. 3, 2007).

For all of these reasons, the District Court should hold that Defendant is not entitled to dismissal or summary judgment at this time. Given the issues of material fact identified above, the undersigned finds it difficult to imagine how Defendant later may demonstrate its entitlement to summary judgment based on administrative exhaustion. Even assuming it can, Plaintiff first should enjoy an opportunity to take full discovery in support of the equitable tolling theory. *Cf.* Pl.'s Mot. (Doc. 10) *and* text-Order dated Apr. 10, 2009 (requesting, and being granted, only seven days to gather evidence in opposition to Defendant's Motion); *cf. also* Def.'s Mot. for Leave to File Reply Br. (Doc. 12) at ¶ 9 (requesting "the opportunity to present [additional] evidence contradicting Plaintiff's affidavit").

The only other issue warranting comment is Defendant's citation to the Supreme Court's decision in Federal Express Corporation v. Holowecki, -- U.S. -- 128 S. Ct. 1147 (2008).[3] Among other things, Holowecki addresses the circumstances under which an EEOC intake questionnaire may, or may not, qualify as a "charge" under the Age Discrimination in Employment Act ("ADEA"). *See* Holender v. Mutual Indus. North Inc., 527 F.3d 352, 353-356 (3d Cir. 2008) (analyzing Holowecki). Presumably, Defendant would argue here that Plaintiff's purported 2006 intake questionnaires cannot satisfy the Holowecki standards regarding what constitutes a "charge" under the ADA.

Regardless of whether or how Holowecki applies under the ADA (questions the District Court need not reach), the EEOC's purported loss of Plaintiff's 2006 intake questionnaires precludes judicial review of those forms, the existence of which must be assumed for the

---

[3] Holowecki is addressed in Defendant's Motion for Leave to File a Reply Brief. *See* Doc. 12 at ¶¶ 7-8. Upon the entry of this Report and Recommendation, the Court will contemporaneously file an Order denying Defendant's request for leave. *See* Order filed today (noting that undersigned's Practices and Procedures disfavor reply briefs, and cross-referencing legal analyses in this Report).

purposes of summary judgment. *See generally* discussion *supra*; *see also generally* Holender, 527 F.3d at 353 (under Holowecki, court examines plaintiff's administrative filings to determine whether they "reasonably [may be] construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee"). Along the same lines, Holowecki has no bearing on whether equitable tolling should excuse an untimely charge where the plaintiff's delay resulted from the EEOC's mishandling of her claim.[4]

Holowecki is inapposite, and that decision cannot form a basis for granting summary judgment in favor of Defendant under the facts presented here.

**CONCLUSION**

For all of the reasons stated above, Defendant's Motion to Dismiss or for Summary Judgment (Doc. 5) should be denied.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 15, 2009. Responses to objections are due by May 27, 2009.

April 28, 2009                              s/Cathy Bissoon
                                                                           Cathy Bissoon
                                                                           United States Magistrate Judge

cc (via email):

Erik M. Yurkovich, Esq.
A. Patricia Diulus-Myers, Esq.
Craig W. Snethen, Esq.

---

[4] Under the equitable tolling theory, the Court arguably presumes that Plaintiff would have filed a timely and legally sufficient charge absent the neglect of the administrative agency. This is a far different matter than whether a plaintiff's administrative filing, the EEOC's receipt and retention of which is not in dispute, satisfies the statutory requirements of a "charge."